# Appeal of L. H. Harris.

Where a debtor, in failing circumstances, delivers to his attorney seven judgment notes in favor of his creditors, with instructions to enter judg-

NOTE.—For the right of the debtor to prefer creditors, see notes to Nusbaum v. Louchheim Bros. 1 Sad. Rep. 106, and Covanovan's Appeal, 2 Sad. Rep. 79.

ments thereon in a certain order of preference, the fact that the note on which judgment was first entered in pursuance of such instructions was in favor of such attorney for professional services does not taint the transaction with fraud.

(Argued October 12, 1886. Decided November 15, 1886.)

October Term, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas No. 2 of Allegheny County distributing the proceeds of a sheriff's sale. Affirmed.

D. K. Boas, doing business in Pittsburgh as a druggist, became embarrassed, and, after consultation with A. H. Rowand, Jr., his attorney, executed and delivered to the latter judgment notes payable three days after date as follows: A. H. Rowand, Jr., $500; Rebecca Boas, $880; Wellington Tea, $946; Elizabeth L. Myers, $1,590; L. H. Harris, $1,005.08; Samuel Wakenight, $295; John G. Holmes, $780.

March 30, 1886, Rowand caused judgments to be entered upon these notes and the same day delivered the writs issued thereon to the sheriff between 10 A. M. and 10:50 A. M., a few minutes intervening between the delivery of each writ. The property of Boas was sold under execution, and the fund, $4,-480.86, was brought into court for distribution, and an auditor appointed. The executions of Harris, Wakenight, and Holmes were not reached on the sale. The right of the first four execution creditors to receive the proceeds of sale was contested by L. H. Harris and also by Mrs. E. L. Mayer, an execution creditor of D. K. Boas, whose judgment was not entered until after the delivery of the writs by Rowand. L. H. Harris claimed that the judgment of Rowand was without consideration, and that in any event the distribution should be *pro rata* on all writs delivered to the sheriff, for the reason that Rowand, having assumed to act as the attorney for the plaintiffs in all the writs, could not prefer himself over his client and could not prefer one client over another. Mrs. E. L. Mayer claimed want of consideration in the judgments under which the property was sold, also collusion and fraud in the preference attempted to be made. In relation to the Rowand judgment defendant testified at the trial that the judgment note of Mr. Rowand was for $500; the consideration was professional services in various matters ex-

tending over a period of eighteen months. Mr. Rowand did not furnish defendant an itemized bill, and defendant asked him how much he owed him, and he said $500. When pressed to tell for what the services were rendered, he answered that the greater portion of them were of such a nature that he preferred not to mention them. Defendant, D. K. Boas, testified that the consideration for the judgments of Rebecca Boas, Wellington Tea, and Elizabeth Myers was borrowed money, in which he was corroborated by the several plaintiffs in those judgments. There was no proof before the auditor concerning instruction by Boas to Rowand as to delivery of the writs to sheriff. The auditor held as to the Rowand judgment that the burden was on the parties contesting to overcome the presumption in favor of honesty and fair dealing; and until that was done the plaintiff in the judgment was not bound to make proof of consideration; and that the statements of defendant—that no bill was rendered and that he merely inquired what sum he owed Rowand and when told that it was $500 did not dispute the amount, but gave a judgment note therefor—was not sufficient under the circumstances to shift the burden of proof; and he distributed the funds to the judgments of Rowand, Rebecca Boas, and Wellington Tea in full, and to the judgment of Elizabeth L. Myers in part, which exhausted the fund. L. H. Harris filed exceptions to the auditor's report, which were heard in the court below before Ewing, P. J., who delivered the following opinion:

"When A. H. Rowand took charge of and entered the various judgment notes in question, and issued executions thereon, he necessarily did so as attorney for the plaintiffs. Had they been delivered to him by D. K. Boas without instructions or without preference, it would have been his duty to enter them and issue executions thereon at the same time without preference. He could not undertake to act as attorney for Harris and the others, and then give himself a preference over his clients. If it were nothing more, we would have no hesitation in postponing his execution to those of his clients. But D. K. Boas, the debtor, had a right to prefer his creditors in the order he saw fit, and if he preferred Mr. Rowand to Dr. Harris, the preference is valid.

By an agreement of counsel the affidavits of the plaintiff and defendant are given in evidence, as though the testimony had been taken before the auditor. And these affidavits show that

the judgment notes in question were delivered to Mr. Rowand with the distinct order for the preference that was given.

Under this state of facts, the executions were properly placed in the hands of the sheriff. The attorney for exceptants did not. go far enough in his examination of the defendant to require the plaintiff, Rowand, to give further testimony in support of the validity of his judgment."

The court entered a decree dismissing the exceptions and confirming the report; whereupon, L. H. Harris appealed, assigning as error the action of the court in dismissing the exceptions. to the auditor's report and confirming the same, and in sustaining the judgment of A. H. Rowand and ordering the money to be paid out according to the auditor's report.

*James H. Porte* and *A. & A. M. Blakeley* for appellant.

*Arch. H. Rowand, Jr.,* for appellees.

PER CURIAM:

As it was clearly proved that in the entry of the judgment notes, and delivery of the writs to the sheriff, Rowand, the attorney, acted in accordance with the instructions of Boas, his debtor and client, the transaction was properly regarded in the court below as legitimate, and free from all taint of fraud.

The decree is affirmed and the appeal dismissed, at the costs. of the appellant.